ROSE v. PHENEY, INC.

1. VENDOR AND PURCHASER—RIGHTS OF VENDOR—CHATTEL MORTGAGE —PAYMENT.

Vendor in land contract, the terms of which provided that land contract would not be considered performed until payment was made for chattels sold to the same vendee at the same time, had the right to insist that payment for chattels be made before vendor would be required to perform by making conveyance.

2. SAME—VENDOR'S RIGHTS—MECHANIC'S LIEN—ASSIGNMENT.

Purchaser of vendee's interest in land contract, who had bought it at foreclosure sale held to satisfy mechanic's lien, could not insist on conveyance from vendor upon payment of land contract purchase price only, where one of the terms of the land contract provided that land contract would not be considered performed by vendee until payment was made for chattels sold to same vendee at the same time as the making of the land contract, even though sale of chattels was secured by separate note and chattel mortgage.

3. JUDGMENT — SUMMARY JUDGMENT — LAND CONTRACT — CHATTEL MORTGAGE—FORECLOSURE.

Summary judgment in favor of plaintiffs, suing in one action for foreclosure of land contract and chattel mortgage against land contract vendee who was also chattel mortgagor as one defendant, and purchaser of land contract vendee's interest at sale to foreclose mechanic's lien as other defendant, *held,* properly granted, where answer by purchaser admitted default in both land contract and chattel mortgage, but asserted that purchaser had the right to pay only the indebtedness due on the land contract to get conveyance of land, the terms of both land contract and chattel mortgage providing that a default in either one would be deemed a default in the other.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 55 Am Jur, Vendor and Purchaser § 501.
[3] 41 Am Jur, Pleadings § 340 *et seq.*

Appeal from St. Clair; Streeter (Alfred I.), J. Submitted Division 2 December 7, 1966, at Lansing. (Docket No. 2,236.) Decided May 9, 1967. Rehearing denied June 20, 1967.

Complaint by William Rose and George Rose, Jr., to foreclose a land contract and a chattel mortgage, against Pheney, Inc., a Michigan corporation, and Dee's, Inc., a Michigan corporation. Summary judgment for plaintiffs. Defendant Pheney, Inc., appeals. Affirmed.

*John C. Kane,* for plaintiffs.

*William Murray,* for defendant Pheney, Inc.

T. G. KAVANAGH, P. J.    Plaintiffs sold their hotel and bar to Dee's, Inc., on November 6, 1961. The transaction was evidenced by two instruments, a lease purchase contract covering the realty and a bill of sale with a note and chattel mortgage covering the personal property.

A rider to the lease purchase contract provided:

"Rider to a certain land lease contract dated: November 6, 1961, between William Rose and Shirley S. Rose, his wife, and George Rose, Jr., and Frances T. Rose, his wife, as sellers and Dee's Incorporated, a Michigan corporation, as buyers.

Said parties of the first part also covenant and agree that in default of this land lease contract, or in the payment of the obligations which this land lease contract secures, hereby agree to reassign the then existing liquor license on the North Channel Hotel & Bar and convey all interest in the premises occupied by the business to the parties of the second part, all subject to the approval of the State of Michigan liquor control commission.    Further, both parties agree that a default in the terms and conditions of a certain chattel mortgage and chattel mortgage note executed simultaneously by Dee's Incorporated, a Michigan corporation in favor of George Rose, Jr.

and William Rose relating to North Channel Hotel and Bar, North Island, 1001 North Channel, Clay township, St. Clair county, Michigan, would likewise constitute a default in the terms and conditions of this land lease contract."

The chattel mortgage included the following provision:

"Said party of the first part also covenants and agrees that in the event of default of this mortgage, or in the payment of the obligation which this mortgage secures, to reassign the then existing liquor licenses on the North Channel Hotel & Bar and convey all interest in the premises occupied by the business to the parties of the second part, all subject to the approval of the State of Michigan liquor control commission, further parties of the first part agree that a default in the terms and conditions of a certain land lease agreement executed simultaneously herewith by Dee's Inc., a Mich. Corp. by Anthony D'Agostino, its Pres., and Dorothy Oake, its Vice-Pres. & Secy., relating to a lease hold interest and W–287–Sd–3 lots #74, 75 & 76 St. Clair Flats, North Channel, would likewise constitute a default in the terms and conditions of this chattel mortgage and chattel mortgage note."

Thereafter defendant Pheney, Inc., remodeled the premises and when Dee's, Inc., failed to pay for its work, foreclosed its mechanic's lien on the real estate and acquired Dee's interest therein at the foreclosure sale. Dee's right to redeem from this sale expired on November 30, 1965.

In January, 1966, the plaintiffs brought suit against Pheney, Inc., and Dee's, Inc., asserting that a balance of $14,300 plus interest was due on the lease purchase agreement and $14,300 plus interest was due on the note.

The complaint prayed for the following relief (in part):

"(a) That the aforesaid sums of money be declared due plaintiffs from the respective defendants and defendants ordered to pay the same to plaintiffs, within 90 days from date of decree.

"(b) That since default in the lease contract purchase agreement constitutes a default in the chattel mortgage and defendant Pheney, Incorporated, has succeeded to the rights and duties of defendant, Dee's, Incorporated, in the lease purchase agreement and since the land and chattels constitute one business, that defendant Pheney, Incorporated, have the right to redeem from the chattel mortgage foreclosure if desired.

"(c) That if the full amount due plaintiffs from defendants is not paid as aforesaid, that the title to the premises sold under contract and the personal property sold on chattel mortgage, be restored to the plaintiffs free and clear from any claims of defendants, and that defendants Dee's, Incorporated, be ordered to re-assign the liquor license to plaintiffs in accordance with the agreement attached hereto and upon failure to do so, a copy of this decree may be filed with the Michigan State liquor control commission and operate as assignment and transfer of said license."

Defendant Pheney's answer admitted all of the allegations in plaintiffs' complaint but set up their tender of the balance due on the lease purchase agreement and asked for a judgment requiring plaintiffs to convey the real property upon defendant Pheney's payment of the amount determined to be due on the lease purchase agreement.

Plaintiffs replied, asserting that the mutual default provisions of the agreements required redemption from both defaults, and moved for summary judgment.

Summary judgment granting relief prayed for by the plaintiffs was entered on April 25, 1966, and this appeal tests the correctness of the court's ruling.

The nature of the interest acquired by the defendant determines the issue.

Appellant concedes that the consent judgment of foreclosure against Dee's, Inc., which appellant obtained on June 28, 1965 was subject to the prior rights of plaintiffs herein.

What were those prior rights? As vendor under the lease purchase contract he was entitled to have the conditions and terms of the contract performed. See *Scales* v. *Griffin* (1845), 2 Doug 54, and *Wagar* v. *Briscoe* (1878), 38 Mich 587.

One of the terms of the contract was that payment for the chattels would be made according to the terms of the note before the land purchase contract could be considered performed.

No reason is advanced by appellant why plaintiffs should be estopped from asserting this right or defense interposed to defeat it.

Upon the state of the record before him the entry of a summary judgment by the trial court was correct. See GCR 1963, 117.2 and *Durant* v. *Stahlin* (1965), 375 Mich 628.

Affirmed, with costs to appellee.

J. H. GILLIS and McGREGOR, JJ., concurred.